IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NANCY CONNER,

    Plaintiff,

v.                                             CASE NO. 1:08-CV-00252-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be affirmed. The Magistrate Judge filed the Report and Recommendation on September 14, 2009. The parties received a copy of the Report and Recommendation and were afforded an opportunity to file objections. On September 28, 2009, Plaintiff filed objections to the Report and Recommendation. (Doc. 17). Pursuant to Title 28, United States Code, Section 636(b)(1), this Court has made a de novo review of those portions to which Plaintiff made objections. For the reasons stated below, the Court has determined that the Report and Recommendation should be adopted.

The Magistrate Judge correctly determined that the Administrative Law Judge's (ALJ) findings were based upon substantial evidence in the record and correct principles of law.

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Specifically, the record contains substantial evidence to support the ALJ's findings that Plaintiff Nancy Conner ("Plaintiff") had "severe" impairments and was unable to perform her past relevant work as a nurse, but that she retained residual functional capacity to perform other types of work with some limitations. (Doc. 16, p.2). At the time of her administrative hearing, Plaintiff was working to pack produce once a week and hoping the activity would lead to a regular job. (R. 240). Plaintiff was also taking care of a pet and house for a nearby friend and was compensated with payment of her electric bill. (R. 243).

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff essentially argues the vocational expert's testimony showed that Plaintiff was unemployable. (Doc. 17, p.2). However, the vocational expert only testified Plaintiff "probably would be unemployable" *if* Plaintiff's own testimony regarding her subjective limitations, such as her stated difficulty in getting along with coworkers, was accepted as credible. (R. 261; doc. 17, p.2). The ALJ did not find Plaintiff's testimony regarding the "intensity, persistence and limiting effects" of her symptoms to be credible to the extent inconsistent with a determination of residual functional capacity. (R. 25). The ALJ noted that current psychological evaluations revealed Plaintiff's interpersonal problems would not prevent her from performing work that involved less stress and less interpersonal conduct than her prior job in nursing. (R. 25).

Plaintiff herself conceded in her Memorandum of Law in Opposition to the

Commissioner's Decision that one of the doctors who screened her "stated that she should be able to perform work-related mental tasks involving understanding and memory[,]" even though she was "likely to be mildly to moderately impaired in her ability to perform tasks involving sustained concentration and persistence, social interaction and adaptation." (Doc. 13, p.4-5). In addition, as discussed above, Plaintiff was employed by a friend part-time packing produce at the time of her administrative hearing. (R. 240). Therefore, Plaintiff's objections do not refute the Magistrate Judge's reasoning that the ALJ's findings were supported by substantial evidence.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision to deny Plaintiff's application for Social Security benefits is affirmed.

**DONE AND ORDERED** this 15th day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge